IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 5:02-419-CMC |
| v. | **OPINION AND ORDER** |
| Sherman Coulter, | |
| Defendant. | |

Defendant filed a *pro se* motion pursuant to 28 U.S.C. § 2255, challenging his conviction for a violation of 18 U.S.C. § 924(j), as he contends it was not predicated on a qualifying crime of violence. ECF No. 473. The Government filed a motion to dismiss or for summary judgment and a response in opposition on the merits. ECF No. 476. Based on the issues raised, the court appointed the Federal Public Defender to represent Defendant on reply. ECF No. 484. Thereafter, Defendant, through counsel, filed a reply.[1] ECF No. 488.

### I. Background

On June 20, 2002, Defendant was charged in a Superseding Indictment with the following counts: Count 1) substantive and attempted Hobbs Act Robbery, in violation of 18 U.S.C. § 1951 and 18 U.S.C. § 2, the aiding and abetting statute (Defendant "did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery"); Count 2) knowing use and carrying of a firearm in relation to a crime of

---

[1] Defendant also filed a *pro se* response in opposition to summary judgment. ECF No. 487.

violence, causing the death of a person through the use of a firearm, "and [defendants] also did aid and abet each other in the commission of the aforesaid offense," in violation of 18 U.S.C. § 924(j); and Count 4) conspiracy to commit Hobbs Act Robbery; to illegally possess firearms and ammunition; and to obstruct justice. ECF No. 65.[2]

On September 25, 2002, Defendant pled guilty, pursuant to a Plea Agreement, to Counts 1 and 2 of the Superseding Indictment: Hobbs Act Robbery and causing the death of another person during and in relation to a crime of violence. ECF No. 172. Notably, the Plea Agreement did not include attempt or aid/abet language. *Id.* at 1-2. The Plea Agreement noted the "use or possession of such firearm was during and in relation to a crime of violence (Hobbs Act robbery)." *Id.* at 2. At the Change of Plea hearing, the court explained as to Count 1 "This is charged to be violations of two federal statutes; Section 1951, which is the Hobbs Act; and Title 2 – Section 2 of Title 18, which is the aiding and abetting" statute. ECF No. 476-3 at 7. When the court notified Defendant what the Government would have to prove, however, the elements were those of substantive Hobbs Act Robbery. *Id.* at 8.

> The court explained the following:
>
> In order for the Government to prove these particular charges, as to count one the Government would have to prove the following, each beyond a reasonable doubt. First of all, that you robbed another person; that is, you either acting alone or in conjunction with another person unlawfully took personal property from the person or presence of another by means of actual or threatened force or violence.
> Secondly, either this robbery obstructed, delayed or affected interstate commerce in some manner or degree.
> As to count two, the Government would have to prove three things, each beyond a reasonable doubt.

---

[2] A Second Superseding Indictment was entered on September 18, 2002; however, Defendant was not arraigned on this and the Plea Transcript makes clear the plea was to Counts 1 and 2 of the Superseding Indictment. ECF No. 476-3 at 3.

> First, that you either alone or in conjunction with someone else knowingly used, carried, or possessed a firearm.
> Two, that the use or possession of the firearm was during and in relation to a crime of violence, in this case Hobbs Act Armed Robbery, for which you may be prosecuted in federal court.
> Three, that while possessing and using the firearm you either alone or in conjunction with another person knowingly and intentionally caused the death of another person by use of the firearm.
> Do you understand what you are charged with and what the Government would have to prove in each of these counts, . . . Mr. Coulter?
>
> Defendant: Yes, ma'am.

ECF No. 476-3 at 8-9.

Judgment was entered on June 18, 2003. ECF No. 302. Defendant was sentenced to a total term of 365 months, consisting of 240 months as to Count 1 and 365 months as to Count 2, to run concurrently. *Id.* Defendant appealed, and the Fourth Circuit affirmed his conviction and sentence. ECF No. 328.

## II.     18 U.S.C. § 924(c), (j)

Title 18 U.S.C. § 924(c) provides that a defendant shall be subject to a consecutive sentence if he or she, "during and in relation to any crime of violence or drug trafficking crime. . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm. . . ." 18 U.S.C. § 924(c)(1)(A).

The statute defines a "crime of violence" as:

an offense that is a felony and –
(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

3

      (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.[3]

18 U.S.C. § 924(c)(3).

In the same statute, subsection (j) notes:

A person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall –
1) if the killing is a murder (as defined in section 1111), be punished by death or by imprisonment of any term of years or for life; and
2) if the killing is manslaughter (as defined in section 1112), be punished as provided in that section.

18 U.S.C. § 924(j). As subsection (j) is committed "in the course of a violation of subsection (c)," the same analysis applies in determining whether an offense qualifies as a predicate conviction under § 924(c)(3).

The Fourth Circuit has held conspiracy to commit Hobbs Act Robbery cannot qualify as a crime of violence under the force clause of §924(c)(3)(A). *United States v. Simms*, 914 F.3d 229, 233-34 (4th Cir. 2019). The *Simms* court also concluded the residual clause of §924(c)(3)(B) is unconstitutionally vague and therefore void. *Id.* at 236.

On June 24, 2019, the Supreme Court decided the residual clause of § 924(c)(3)(B) is void for vagueness. *United States v. Davis,* 588 U.S. __, 139 S.Ct. 2319, 2336 (2019). In doing so, the Court rejected application of a case-specific approach for § 924(c) and applied the categorical approach. *Id.* at 2327-32. The Fourth Circuit has since held substantive Hobbs Act Robbery to be a crime of violence under the force clause of § 924(c)(3)(A). *United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019).

---

[3] § 924(c)(3)(A) is known as the "force clause" or "elements clause" (referred to herein as the force clause) and § 924(c)(3)(B) is known as the "residual clause."

### III. Discussion

Defendant's *pro se* motion argues his underlying Hobbs Act Robbery conviction in Count 1 cannot serve as a predicate offense for his § 924(j) conviction in Count 2, as conspiracy to commit Hobbs Act Robbery is not a crime of violence as defined in § 924(c)(3)(A), the "force clause," and §924(c)(3)(B) is invalid. ECF No. 473. He also argues his plea to the §924(c) violation was not voluntary because he did not understand the "true elements" of the charge." *Id.* at 5. Finally, he contends the court lacked subject matter jurisdiction to impose a sentence on the § 924(c) violation. *Id.* at 6. These grounds all rest on the same basis - § 924(c) is invalid after *Davis*.

The Government has moved for summary judgment, arguing Defendant's claims fail on the merits as Hobbs Act Robbery is categorically a crime of violence under the force clause and therefore his violation of § 924(c) rests on an appropriate predicate conviction. ECF No. 476-1. Defendant responded *pro se*, arguing his predicate offense of aiding and abetting a Hobbs Act robbery is not a crime of violence under the force clause. ECF No. 487. He also argues he was not informed about the categorical approach and the difference between attempt and conspiracy, and if he had been so informed he would have pled to conspiracy instead. *Id.* at 4. He requests the court vacate his sentence or hold an evidentiary hearing. *Id.* at 5.

The court appointed counsel to thoroughly brief the issues raised in Defendant's motion and the Government's motion for summary judgment. ECF No. 484. Counsel for defendant argues aiding and abetting Hobbs Act robbery is not a crime of violence under the force clause. ECF No.

5

488 at 5.[4] He contends because a "defendant can be convicted as an aider and abettor without proof that he participated in each and every element of the offense," such a crime cannot be considered a crime of violence under the force clause as it does not have as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* at 6-7. Counsel acknowledges Defendant was not convicted of conspiracy to commit Hobbs Act Robbery, and makes no argument about attempt.

### A. *Analysis*

The Hobbs Act Robbery statute, 18 U.S.C. § 1951(a), (b)(1), prohibits "obstruct[ing], delay[ing,] or affect[ing] commerce or the movement of any article or commodity in commerce, by robbery . . . ." § 1951(a). It defines robbery as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property . . . ." § 1951(b)(1). As noted above, under Fourth Circuit precedent substantive Hobbs Act Robbery is a crime of violence under the force clause of § 924(c).

In this case, it is clear Defendant completed the Hobbs Act Robbery as a principal. His conduct was not an attempt, and he did not aid and abet a principal: he was integrally and crucially involved in the robbery and shot the victim at least once. He was, therefore, guilty as a principal and the plea colloquy bears this out. Other than recitation of the statute at 18 U.S.C. § 2, there was no reference to aiding and abetting or attempt – the elements pled to by Defendant were those of substantive Hobbs Act Robbery. When the Government was giving the factual basis for the guilty

---

[4] Counsel acknowledges, despite Defendant's original *pro se* arguments, Defendant was convicted of § 924(j), not § 924(c), and that he was sentenced to a 365-month concurrent sentence on his § 924(j) conviction, not 120 months consecutive. *Id.* at 4.

6

plea, it noted a co-defendant, Mr. Johnson, told law enforcement that Defendant and a co-defendant got out of the car, went into the victim's residence with a firearm, and came back out carrying a box of cash and told Mr. Johnson they had shot the victim in the course of the robbery. ECF No. 476-3 at 11-12. Defendant's fingerprint was found on the victim's safe. *Id.* at 11. Defendant admitted he went into the residence with a co-defendant who had a gun, and that both he and the co-defendant shot the victim. *Id.* at 44, 46. Defendant also admitted he and the co-defendant stole the money from the victim's safe. *Id.* at 48.

However, the categorical approach, utilized to determine whether a predicate offense qualifies under statutes such as § 924(c), is not concerned with a defendant's conduct, but rather has a court scrutinize the least culpable conduct a defendant could have committed under the statute. Therefore, the court will examine a slightly different question: whether attempted or aiding and abetting Hobbs Act Robbery, as charged in Count 1 of the Superseding Indictment, is a crime of violence under the force clause of § 924(c). For the following reasons, the court concludes it is.

1. Aiding and Abetting Hobbs Act Robbery

Defendant argues aiding and abetting Hobbs Act Robbery is not a crime of violence under the force clause of § 924(c). Aiding and abetting is not itself a federal offense, but merely "describes the way in which a defendant's conduct resulted in the violation of a particular law." *United States v. Ashley*, 606 F.3d 135, 143 (4th Cir. 2010); *see* 18 U.S.C. § 2(a) (providing that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal"); *United States v. Barefoot*, 754 F.3d 226, 239 (4th Cir. 2014); *United States v. Jaensch*, 665 F.3d 83, 96 (4th Cir. 2011) ("Under

18 U.S.C. § 2(b), individuals who aid, abet, command, or induce a crime are punishable as principals.").

Various circuits have held an aider and abettor of a Hobbs Act Robbery necessarily commits all of the elements of a principal Hobbs Act Robbery and, therefore, aiding and abetting Hobbs Act Robbery qualifies as a crime of violence under the force clause of § 924(c). *United States v Grissom*, 760 F. App'x 448, 454 (7th Cir. 2019); *United States v. McKelvey*, 773 F. App'x 74, 75 (3d Cir. 2019); *United States v. Garcia-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018); *United States v. Richardson*, 906 F.3d 417, 426 (6th Cir. 2018) (overruled on other grounds); *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016). The Fourth Circuit has upheld a conviction for § 924(c) based on aiding and abetting a Hobbs Act Robbery, citing *Mathis*. *United States v. Steward*, 793 F. App'x 188, 190 (4th Cir. 2019) (unpublished) ("Steward was also found guilty of aiding and abetting in the Hobbs Act robbery, a crime of violence, and the jury was instructed that it could consider that offense as the predicate crime of violence in support of the § 924(c) charge. *United States v. Mathis*, 932 F.3d 242, 265-66 (4th Cir. 2019) (holding that Hobbs Act robbery is a crime of violence under § 924(c)(3)(A))."); *see also United States v. Brayboy*, 789 F. App'x 384 (4th Cir. 2020) (unpublished) (finding it was not plain error for the district court to consider aiding and abetting Hobbs Act Robbery a crime of violence).

In a case similar to the instant one, the defendant was charged in an Indictment with substantive Hobbs Act Robbery, but that Indictment also included the aiding and abetting statute at § 2. The defendant, in his § 2255 motion, argued he only aided and abetted the Hobbs Act Robbery. *Vos v. United States*, 4:02-cr-752, 2019 WL 2766929, at *2 (D.S.C. July 2, 2019). However, Judge Harwell held that defendant's § 924(c) conviction was valid because:

8

> First, Petitioner pled guilty to the substantive HAR and aiding and abetting the same. Second, an aider or abettor is punished as a principal. Under § 2, the acts of the principal become those of the aider and abettor as a matter of law. . . . Accordingly, even if Petitioner only aided and abetted, he is still liable for the substantive HAR.

*Id.* at *2. The same situation is true in the instant case: Defendant pled guilty to the elements of substantive Hobbs Act Robbery, which unquestionably qualifies as a crime of violence under § 924(c). However, even if Defendant had pled guilty only to aiding and abetting Hobbs Act Robbery, because aiders and abettors are held responsible for the acts of the principal, his § 924(c) conviction would still be properly predicated on aiding and abetting Hobbs Act Robbery. Accordingly, the court finds a conviction for aiding and abetting Hobbs Act Robbery is also a proper predicate for a violation of § 924(c).

### 2. Attempted Hobbs Act Robbery

Although Defendant may have abandoned this argument, because the Indictment contained attempt language, the court addresses it in the interest of completeness. The Fourth Circuit has not squarely addressed whether attempted Hobbs Act robbery is a crime of violence. However, logic, as well as decisions of other courts, show that it is. The force clause, § 924(c)(3)(A), embraces any felony that "has as an element the use, *attempted use*, or threatened use of physical force against the person or property of another."

"When a substantive offense would be a violent felony under § 924(e) and similar statutes, an attempt to commit that offense is also a violent felony." *Hill v. United States*, 877 F.3d 717, 719 (7th Cir. 2017); *see also United States v. Holland*, 749 Fed. App'x 162, 166 (4th Cir. 2018) (unpublished) (holding and noting that several other circuits have recently held that, for ACCA sentencing enhancement purposes, "attempting to commit a substantive offense that qualifies as a violent felony also constitutes a qualifying violent felony"). Specifically, at least one circuit has

9

held attempted Hobbs Act Robbery qualifies as a crime of violence under § 924(c)(3)(A) because that clause expressly includes attempted use of force. *United States v. St. Hubert*, 909 F.3d 335, 351 (11th Cir. 2018) (overruled on other grounds as to holding that § 924(c) residual clause was not void for vagueness).[5]

Recently, several district courts in this circuit have considered this issue and determined a violation of § 924(c) remains valid if predicated on attempted Hobbs Act Robbery. *Beale v. United States*, No. 4:10-cr-49, 2020 WL 3513238 (E.D.N.C. June 29, 2020); *Clemmer v. United States*, No. 3:12-cr-188 2020 WL 1249380 (W.D.N.C. March 16, 2020); *Castellon v. United States*, 435 F. Supp. 3d 694, 699 (W.D.N.C. 2020); *United States v. Cotman*, No. 3:10CR185, 2019 WL 1394373 (E.D. Va. March 27, 2019). This court agrees, and finds attempted Hobbs Act Robbery is a proper predicate under the force clause of § 924(c)(3)(A).

### 3. Other *pro se* arguments

In his original *pro se* motion, Defendant also argues neither the court nor his counsel advised him of the "true elements" of the § 924(c) charge, including the necessity of an underlying offense that qualified as a crime of violence. ECF No. 473 at 5. He contends he would not have pleaded guilty had he known. Finally, he argues the court lacked subject matter jurisdiction to impose a § 924(c) conviction because the § 924(c) statute was "void from its inception." *Id.* at 6.

Both arguments fail. First, it is clear the court informed Defendant of the elements of a § 924(c) violation, including the requirement that the firearm was used "during and in relation to a crime of violence, in this case Hobbs Act armed robbery, for which you may be prosecuted in

---

[5] The Eleventh Circuit recently reaffirmed the *St. Hubert* holding that attempted Hobbs Act Robbery qualifies as a crime of violence. *United States v. McCant*, 805 F. App'x 859 (11th Cir. 2020).

federal court." ECF No. 224 at 32. Although Defendant appears to argue he was not advised of the consequences of pleading to the substantive Hobbs Act Robbery versus the conspiracy charged in Count 4, at the time of Defendant's plea, both offenses could serve as predicates.

Second, his jurisdictional claim fails for the same reason. At the time of his plea and now, Hobbs Act Robbery qualified as a crime of violence under the force clause of § 924(c). Therefore, the court had jurisdiction over his case, even though the residual clause of § 924(c) was found void for vagueness long after his plea and sentencing.

## IV.    Conclusion

Defendant's challenge to his conviction under § 924(j) fails because the § 924(j) conviction is predicated on Hobbs Act Robbery, a crime of violence under the force clause of § 924(c)(3)(A), even if attempted or aided and abetted. The Government's motion for summary judgment (ECF No. 476) is granted and Defendant's § 2255 motion (ECF No. 473) is hereby **dismissed with prejudice**.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,*

537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

    **IT IS SO ORDERED**.

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
August 18, 2020